UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT PARKMAN,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :   No. 3:18-CV-1358 (KAD) |
| WILLIAM O'CONNOR, *et al.*<br>    *Defendants*. | :<br>:<br>:   May 6, 2019 |

## INITIAL REVIEW ORDER

On August 13, 2018, the plaintiff, Robert Parkman, an inmate currently confined at the Brooklyn Correctional Institution in Brooklyn, Connecticut, brought a civil action *pro se* pursuant to 42 U.S.C. § 1983 against Attorney William O'Connor, Probation Officer Justin Quick, and an unidentified supervisory official in the state's Office of Adult Probation. Compl. (ECF No. 1). He seeks "mental and emotional relief." *Id.* at 6. On October 9, 2018, this Court granted the plaintiff's motion to proceed *in forma pauperis* (ECF No. 12). For the following reasons, the complaint is dismissed.

### *Standard of Review*

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

*Factual Allegations*

On April 21, 2015, the plaintiff was charged with sexual assault in the first degree[1] and unlawful restraint in the first degree.[2] Compl. at 5. He ultimately pleaded guilty on March 8, 2016 to the unlawful restraint charge and was sentenced to five years of imprisonment, execution suspended after one year, and three years of probation. *Id.*; Case Detail, *State v. Parkman*, No. HHD-CR15-0679258-T (Conn. Super. Ct. Mar. 8, 2016), http://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=0-6a5d675-b5ad-423b-8c81-4053b1908464 ("Case Detail").[3] Despite pleading guilty only to the unlawful restraint charge, the plaintiff was placed in a "special unit" for sexual offenders. Compl. at 5.

The plaintiff was released on probation on April 18, 2016 but was rearrested on August 1, 2016 after he refused to comply with Probation Officer Quick's order that he

---

[1] Conn. Gen. Stat. § 53a-70.

[2] Conn. Gen. Stat. § 53a-95.

[3] The information contained in the Connecticut Judicial Branch's website is a matter of public record, of which this Court takes judicial notice. *Gillums v. Semple*, No. 3:18-CV-947 (CSH), 2018 WL 3404145, *5 (D. Conn. Jul. 12, 2018) (citing *Mangiafico v. Blumenthal*, 471 F. 3d 391, 398 (2d Cir. 2006)).

"sign[] some papers . . . mak[ing] [him] a sex offender." Compl. at 5. Quick did not show the plaintiff a copy of the arrest warrant or present him before a judge. *Id.* The plaintiff was returned to the custody of the Department of Correction. *Id.*

The state charged the plaintiff with violating the terms of his probation.[4] Compl. at 6. Attorney O'Connor was appointed to represent him. Compl. at 6. O'Connor told the plaintiff that, if he pleaded guilty to the violation of probation charge, he would be "s[e]t free." *Id.* The plaintiff thereafter pleaded guilty to the charge, and the judge continued his probation. *Id.* The judge also ordered that the plaintiff return to the sex offender "special unit." *Id.*

On August 23, 2017, the plaintiff pleaded guilty to violating his probation a second time. Case Detail. This time, the court sentenced him to three years imprisonment. *Id.* His maximum release date is December 28, 2019. Inmate Information, Connecticut State Department of Correction, www.ctinmateinfo.state.ct.us/-detailssupv.asp?id_inmt_num=157667.[5] At no time did the sentencing court inform the plaintiff of the consequences of pleading guilty to the violation of probation charge, and Attorney O'Connor coerced the plaintiff into pleading guilty. Compl. at 6.

The plaintiff's incarceration as a result of the violation of probation proceedings have caused him mental and emotional distress. Compl. at 6.

---

[4] Conn. Gen. Stat. § 53a-32.

[5] The Inmate Information contained in the Department of Correction's website is also a matter of public record.

*Analysis*

Although it is not clear, it appears that the plaintiff is suing Officer Quick for placing him in sex offender treatment, in violation of his Fourteenth Amendment right to due process, and arresting him without showing him a copy of the arrest warrant, in violation of the Fourth Amendment. *See* Compl. at 5. The plaintiff is suing Attorney O'Connor for coercing him into pleading guilty to the violation of probation charge, in violation of his Sixth Amendment right to effective assistance of counsel and/or his Fourteenth Amendment right to due process. *See id.* at 6. He claims that the actions of these defendants "ultimately cost [him] [his] freedom." *Id.* The plaintiff does not allege any facts against the third unidentified defendant.

The only plausible claim the plaintiff states in this complaint is the due process claim against Officer Quick and perhaps Supervisor Doe for placing him in sex offender treatment following his unlawful restraint conviction. The Second Circuit has held that the improper classification of an inmate as a sex offender may have a stigmatizing effect which implicates a liberty interest for purposes of due process. *Vega v. Lantz*, 596 F.3d 77, 81-82 (2d Cir. 2010). In *Vega*, an inmate claimed that prison officials wrongfully assigned him a level-3 sexual treatment needs score even though he had not been convicted of a sexual offense. *Id.* The Second Circuit considered Vega's claim as one of defamation but held that, although typically a state-law claim, defamation may, under certain circumstances, rise to constitutional dimension. *Id.* at 81.

In order to state a constitutional claim, the plaintiff must "demonstrate a stigmatizing statement plus a deprivation of a tangible interest." *Vega*, 596 F.3d at 81 (quoting *Algarin v. Town o Wallkill*, 421 F.3d 137, 138 (2d Cir. 2005)); *see also Moore v.*

4

*Chapdelaine*, No. 3:15-CV-775 (VAB), 2018 WL 638995, at *6 (D. Conn. Jan. 31, 2018). This claim as two components. "First, the plaintiff must establish the 'stigma' by demonstrating 'the utterance of a statement sufficiently derogatory to injure his or her reputation that is capable of being proved false, and that he or she claims is false.'" *Moore*, 2018 WL 638995, at *6 (quoting *Vega*, 596 F.3d at 81). "Second, the plaintiff must demonstrate the 'plus,' 'a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights.'" *Id.* (quoting *Vega*, 596 F.3d at 81). "The 'plus' must be something 'in addition to the stigmatizing statement.'" *Id.* (quoting *Vega*, 596 F.3d at 81). "'[D]eleterious effects [flowing] directly from a sullied reputation,' standing alone, are insufficient to satisfy the constitutional standard. *Id.* (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)).

Here, the plaintiff alleges that he was placed in a "sex offender special unit" even though he only pleaded guilty to the unlawful restraint charge and not the sexual offender charge. Compl. at 5. Wrongfully classifying an inmate as a sex offender can be stigmatizing. *See Vega*, 596 F.3d at 81-82. However, the plaintiff does not allege facts showing what this "unit" entailed or whether the classification and/or assignment was false given the nature of the conviction. Even if the Court presumes that the classification and/or assignment was sufficiently derogatory and can be proven false, there are no facts showing that the placement in the "special unit" was sufficiently burdensome such that it altered the plaintiff's status or rights.

Moreover, the plaintiff has not alleged specific facts showing Officer Quick's and/or Supervisor Doe's personal involvement in the alleged due process violation. "It is well settled . . . that personal involvement of defendants in alleged constitutional

5

deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted); *see also Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983). A plaintiff who sues a supervisory official for monetary damages must allege that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the official failed to take action in response to information regarding the unconstitutional conduct. *Wright*, 21 F.3d at 501; *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003). Because there are no facts showing how Officer Quick and/or Supervisor Doe were personally involved in the sex offender placement, the plaintiff has not stated a plausible claim for damages against either of them. The due process claim for improper sex offender classification is, therefore, dismissed without prejudice.

The plaintiff cannot prevail on any of the remaining constitutional claims because doing so would necessarily implicate the validity of his convictions for unlawful restraint and/or violation of probation. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus."

*See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (state prisoner's § 1983 action is barred no matter relief sought, no matter target of prisoner's suit, if success in action would necessarily demonstrate invalidity of conviction or duration). The plaintiff's state court convictions for unlawful restraint and violating his probation remain valid, and any judgment from this Court that his convictions were procured in violation of his constitutional rights to due process or the effective assistance of counsel would interfere with the validity of those convictions. Thus, the claims are barred by *Heck* and are, therefore, dismissed with prejudice.

The plaintiff also cannot prevail on a claim that Officer Quick falsely arrested him for violating his probation because doing so would require a showing that the violation of probation charge terminated in his favor. *See Henderson v. Williams*, No. 3:10-CV-1574 (MPS), 2013 WL 2149698, at *3 (D. Conn. May 16, 2013) (citing *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011)). The plaintiff's convictions for violating his probation remain valid, and the plaintiff has not challenged his convictions on direct appeal or via a petition for writ of habeas corpus in state court. Therefore, the plaintiff cannot state a Fourth Amendment claim against Officer Quick for false arrest.[6] That claim is also dismissed with prejudice.

---

[6] To the extent the plaintiff's false arrest claim is grounded in Officer Quick's failure to show him a copy of the arrest warrant, the plaintiff cannot prevail. There is no constitutional obligation on the part of law enforcement to show an arrestee a copy of the warrant at the time of arrest. *See Lewis v. Nelson*, 113 F.3d 1246, *3 (10th Cir. 1997) ("[U]nder neither federal statutory law, nor under Constitutional law, is [the plaintiff] provided the right to be shown an arrest warrant at the time of arrest"); *Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir. 1988) ("[F]ederal constitutional law does not require the actual possession of a warrant in cases where the arresting officer has knowledge of its existence").

*Conclusion and Orders*

Based on the foregoing, the plaintiff has failed to state a plausible claim for relief under § 1915A. The Fourteenth Amendment due process claim based on the improper sex offender classification is dismissed without prejudice. All other claims are dismissed with prejudice because they are barred by *Heck*, 512 U.S. 477. If the plaintiff believes he can allege additional facts which would support a due process claim for improper sex offender classification according to the legal standard explained above, he may file an amended complaint within thirty (30) days from the date of this order. The amended complaint must include the following:

> (1) A clear statement as to whether the plaintiff is suing the defendants in their individual capacities, their official capacities, or both;[7]
>
> (2) A clear statement as to the type of relief sought (i.e. monetary damages, injunctive relief, and/or declaratory relief);
>
> (3) An explanation of the "sex offender special unit" and specific facts showing that the placement in said unit imposed on the plaintiff a burden or alteration of his status or rights;
>
> (4) Facts showing that the placement in the "sex offender special unit" was based on false information;
>
> (5) If sued in their individual capacities for damages, facts showing Officer Quinn's and/or Supervisor Doe's personal involvement in the sex offender classification and/or placement.

The plaintiff may not restate his claims against Attorney O'Connor regarding the violation of probation proceedings or add any new claims in the amended complaint. **Failure to submit an amended complaint that complies with these instructions**

---

[7] The plaintiff may not sue a state official in his or her official capacity for money damages. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

**within thirty (30) days from the date of this order will result in the dismissal of the entire case with prejudice.**

SO ORDERED this 6th day of May, 2019 at Bridgeport, Connecticut.

_____/s/Kari A. Dooley_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE